PS 8
(Rev. 12/04)

# UNITED STATES DISTRICT COURT
for the
District of Alaska

Superseding Petition for Action on Conditions of Pretrial Release

| | | | |
|---|---|---|---|
| **Name of Defendant:** | Kenneth Currin Schuchman | **Case:** | 3:18-CR-00095-001-SLG-DMS |
| **Name of Judicial Officer:** | Honorable Sharon L. Gleason, United States District Judge | | |
| **Date of Pretrial Release:** | August 31, 2018 | | |
| **Charges:** | Fraud and Related Activity in Connection with Computers in violation of 18 U.S.C. § 1030(a)(5)(A), a Class D Felony | | |
| **Case Status:** | Pending sentencing | | |
| **Assistant U.S. Attorney:** | Adam Alexander | **Defense Attorney:** | Barry Flegenheimer |

**PETITIONING THE COURT**

☐ To issue a summons
☒ To issue a warrant
☐ No further action to be taken

The pretrial services officer believes the defendant has violated the following condition(s) of pretrial release:

| Violation Number | Nature of Non-compliance |
|---|---|
| 1 | On September 4, 2019, the defendant was released to Pathways Residential Treatment Program in St. Helens, Oregon, and was to remain in the program pending completion. On October 14, 2019, the defendant was found to have contraband in his possession and was discharged from the program. |
| 2 | The defendant violated the pretrial services release condition "No computer access with internet without the supervision of Robert Schuchman," in that on November 21, 2019, the defendant was observed using the computer by deputy U.S. Marshals and Robert Schuchman was not present. |
| 3 | The defendant violated the pretrial services release condition "The defendant must not violate federal, state, or local law while on release," in that on November 21, 2019, the defendant admitted to possessing and viewing child pornography. |

**DECLARATION AND RECOMMENDATION:**

On August 22, 2018, the defendant was Indicated on two counts of Fraud and Related Activity in Connection with Computers. The defendant appeared before the Honorable Deborah M. Smith for his Initial Appearance on August 31, 2018, and was ordered released with various conditions.

Due to the defendant residing in Vancouver, Washington, with his father, courtesy supervision was obtained from the Western District of Washington. After failing to comply with their Location Monitoring Program,

the defendant was placed in an Inpatient Treatment Program and Courtesy Supervision was transferred to the District of Oregon. On August 16, 2019, a violation notice was filed at Docket 66 alleging the defendant failed to have his sweat patch read, consumed marijuana, and failed to follow the instruction of his Pretrial Services officer. On August 21, 2019, an Amended violation notice was filed alleging the defendant consumed both marijuana and methamphetamine.

On August 27, 2019, the defendant appeared before the Honorable Deborah M. Smith, Chief U.S. Magistrate Judge. Due to the defendant's continued noncompliance, he was ordered detained.

On September 3, 2019, the defendant appeared before the Honorable Sharon L. Gleason and plead guilty to the underlying offense. The defendant was ordered released to participate in Pathways Residential Treatment Program in St. Helens, Oregon, and was to remain in the program pending completion.

On October 14, 2019, the defendant was found with contraband to include a vaping device and Trazadone pills. Due to these rule violations, the defendant was discharged from the program and his whereabouts were unknown. Based upon the defendant's alleged violations, the Court ordered a warrant for the defendant's arrest be issued on October 16, 2019.

On November 21, 2019, the U.S. Marshals Service in the District of Alaska requested the Western District of Washington's Violent Offender Task Force (VOTF) to locate and apprehend the defendant who absconded from pretrial supervision. The VOTF surveilled Robert Schuchman's (the defendant's father) apartment and observed the defendant step outside the residence to smoke a cigarette. After the VOTF confirmed the defendant's identity, the VOTF waited until the defendant re-entered the apartment, and then knocked and announced their presence as law enforcement. The defendant did not answer the door and Deputy U.S. Marshal Vincent Byford opened the apartment door with a key given to him by the apartment manager's office.

The defendant was seated at a computer table across the room from the entry team and had headphones in his ears. The defendant removed his headphones and asked who the VOTF were and what they were doing. Deputy U.S. Marshal Byford responded, "Kenneth Schuchman we're the United States Marshals Service you are under arrest keep your hands where I can see them." The defendant immediately reached down and started hitting buttons on the keyboard of the computer and attempted to shut the screen off. Deputy U.S. Marshal Byford grabbed the defendant's left wrist and his partner grabbed the defendant's right wrist. The defendant continued to struggle with the deputies in attempt to get to the computer. The defendant was placed in handcuffs and requested a deputy call his father.

Within minutes after being called, Robert Schuchman arrived at his apartment. Deputy U.S. Marshal Byford informed Mr. Schuchman who they were and why they were at his apartment. Mr. Schuchman said he knew they were supposed to turn in his son but didn't want him to go to jail as they wanted him to go to a treatment facility. Then Deputy U.S. Marshal Byford informed Mr. Schuchman the defendant was on the computer and Mr. Schuchman said his son was not allowed on the computer and knew the federal courts had placed restrictions on him.

Deputy U.S. Marshal Byford called Supervisory U.S. Marshal John LaJeunesse who instructed Deputy U.S. Marshal Byford to seize the computer. Deputy U.S. Marshal Byford also called U.S. Pretrial Services Officer Lauren Davenport in the District of Oregon, who agreed with seizing the computer. While Deputy U.S. Marshal Byford was on the telephone, the defendant was overheard whispering to his father several times to

"destroy the computer." Mr. Schuchman admitted to the deputies that his son requested he "destroy the computer."

Task Force Officer Kennison read the Miranda warnings to the defendant and asked if he understood the warnings. The defendant nodded in the affirmative and Task Force Officer Kennison asked the defendant to verbally respond. The defendant said "Yes." Task Force Officer Kennison asked the defendant if he thought there was anything on the computer that might be concerning to law enforcement and the defendant responded "Yes." He said there may be evidence of him "Trying to buy drugs" via the internet. Task Force Officer Kennison then asked the defendant if there were "images of child pornography." The defendant said "Yes" and "There are only two videos." Task Force Officer Kennison asked the defendant what those videos depicted, and he said, "I only opened them and closed them, I really didn't watch." Task Force Officer Kennison also asked the defendant if the videos depicted little girls or little boys and he said "Boys." Task Force Officer Kennison asked if the videos depicted boys with boys, or boys with men, and he said, "Boys with boys." Then Task Force Officer Kennison asked the defendant how many times he watched the videos and the defendant said, "A few, just out of curiosity."

Once Task Force Officer Burgara and Deputy U.S. Marshal Byford began transporting the defendant to the Multnomah County Justice Center, Deputy U.S. Marsha Byford asked the defendant if he was not deleting the pornographic videos why was he trying to frantically close programs and shut down the computer. The defendant responded he was assisting other people on a chat site on how to commit fraud similar to his instant offense.

The defendant is assessed as a risk of nonappearance based on the following factors:

- Pretrial, Probation, Parole, or Supervised Release noncompliance
- Mental health history
- Substance abuse history
- Lack of ties to the charging district

The defendant is assessed as a danger to the community based on the following factors:

- Pretrial, Probation, Parole, or Supervised Release noncompliance
- Charge involving use of a computer to facilitate alleged offense
- Substance abuse history
- Mental health history

It is respectfully recommended an arrest warrant be issued and he remain detained pending the outcome of this matter.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 25th day of November at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

*Travis Lyons*

Travis Lyons
Supervising U.S. Probation Officer
November 25, 2019

Approved by:

*Rhonda Langford Taylor*

Rhonda Langford Taylor
Chief U.S. Probation Officer